NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 6 2016

CLERK, U.S. DISTRICT COURT
By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOE THOMAS HERNANDEZ, 654938,       )
      Petitioner,                  )
                         )
v.                                  )       No. 3:14-CV-3646-N
                         )
WILLIAM STEPHENS, Director, TDCJ-CID, )
      Respondent.                  )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

    This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

I.  Background

    Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges Respondent's decision to deny him mandatory supervised release and parole.

    Petitioner is currently serving sentences for two convictions from Dallas County, Texas.

In 1993, Petitioner was convicted of murder and possession of a controlled substance and was

sentenced to thirty-five years in prison.

    In this petition, he argues:

1.      The Separation of Powers Doctrine was violated;

2.      His due process rights were violated;

3.      He has been denied release on parole due to acts of bad faith;

4.      The state does not consider his good-time and work credits earned when

evaluating him for release to mandatory supervision or parole;

5.      He has no right or means to appeal a Parole Board decision; and

6.      He was subject to arbitrary and capricious decision-making on behalf of the state.

On January 21, 2015, Respondent filed his answer.  On March 10, 2015, Petitioner filed a

reply.  The Court now finds the petition should be dismissed as barred by the statute of

limitations, or alternatively denied for lack of merit.

## II.  Discussion

## 1.      Statute of Limitations

Petitioner's claims are barred by the statute of limitations.  First, Respondent argues

Petitioner knew or could have known with the exercise of due diligence, that his 1993 first-

degree murder conviction made him ineligible for mandatory supervised release.   As to release

on parole, Respondent states Petitioner was denied parole in 2002, 2008, and 2011 so Petitioner

was aware of his parole claims no later than 2011 but failed to timely file his § 2254 petition.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.

*See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The

one-year period is calculated from the latest of: (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant

was prevented from filing by such action; (C) the date on which the Supreme Court initially

recognizes a new constitutional right and makes the right retroactively applicable to cases on

collateral review; or (D) the date on which the facts supporting the claim became known or could

have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

### A.   Mandatory Supervised Release

Petitioner's mandatory supervised release claims are barred by limitations. Petitioner was convicted and sentenced on March 10, 1993. At the time of his sentencing, Texas law made him ineligible for mandatory supervised release because he had been convicted of first-degree murder. *See* Tex. C.C.P. Art. 42 § 8(c)(1) (West 1993). Therefore, at the time of his sentence Petitioner knew, or could have known with the exercise of due diligence, that he was ineligible for release to mandatory supervision.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's April 24, 1996, effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner raised his claims in a state habeas application that was filed on May 16, 2014. This application was filed after the one-year state of limitations expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due on or before April 24, 1997. Petitioner did not file his petition until September 26, 2014. The petition is therefore untimely.

### B.   Parole

Petitioner challenges the Board of Pardons and Paroles' ("Board") decision to deny him release on parole. The Board denied Petitioner release finding his release could endanger the

public safety.  Respondent argues this claim is time-barred because the Board relied on the same reason to deny Petitioner parole in 2002, 2008, and 2011 so Petitioner was aware of the factual predicate of his claim at that time.  Petitioner responds that he is challenging the Board's March 2015 determination that his release could endanger the public.  (Reply at 5.)

To the extent Petitioner is challenging a March, 2015 parole denial, it does not appear that he has exhausted his state remedies as to this claim.  His most recent state habeas petition is dated May 16, 2014.  *Ex parte Hernandez*, 25,429-03.  A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  Petitioner's challenge to the March, 2015 denial of parole should be dismissed for failure to exhaust state remedies.

To the extent Petitioner challenges the February 8, 2002, July 1, 2008, and July 25, 2011 denials of parole, these claims are barred by limitations.  The latest date Petition could have become aware of the factual predicate of these claims is July 25, 2011.  He then had one year, or until July 25, 2012, to file his § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  Petitioner raised his claims in a state habeas application that was filed on May 16, 2014.  This application was filed after the one-year state of limitations expired.  It therefore did not toll the limitations period.

Petitioner was required to file these claims by July 25, 2012. He did not file the claims until September 26, 2014. The claims are therefore untimely.

### C.      Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### 2.      Standard of review

Additionally, Petitioner's claims are without merit. The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 3.   Mandatory Supervision and Parole

Petitioner claims Respondent has unlawfully denied him release to mandatory supervision and parole.  Eligibility for mandatory supervised release is governed by the law in effect at the time the holding offense was committed. *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005).  The applicable mandatory supervision statute in effect at the time Petitioner committed the offenses of murder and aggravated possession of cocaine, provided that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for. . . a first degree felony under Section 19.02, Penal Code." Tex. C.C.P. Art. 42.18 § 8(c)(1) (West 1992).  Petitioner is serving a sentence for first-degree felony murder under § 19.02.  He is therefore not eligible for mandatory supervised release.

Moreover, because Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole, *see Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page -6-

Cir.1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas), he fails to raise a constitutional violation regarding his parole claims. *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States.").

Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

The Court recommends that Petitioner's claims regarding his March, 2015 denial of parole be dismissed for failure to exhaust state remedies, that Petitioner's remaining claims be dismissed with prejudice as barred by the one-year limitations period, and alternatively that his claims be denied on the merits.

Signed this 16 day of February, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).